The County of Macoupin *v.* Edwards.

---

The COUNTY OF MACOUPIN, Appellant, *v.* HENRY EDWARDS, Appellee.

### APPEAL FROM MACOUPIN.

The plaintiff below entered into a contract with Macoupin county to properly feed and clothe every pauper sent to him upon the order of any one member of the county court, for a specified sum. *Held*, that he could recover no more than that sum from the county for taking care of a lunatic pauper, although the trouble and expense was increased by reason of the insanity. The term pauper, under the statute, includes lunatic paupers.
A lunatic who was not a pauper would not be included within the agreement.

THIS cause was heard before WOODSON, Judge, without the intervention of a jury, at September term, 1853, of the Macoupin Circuit Court.

The facts of the case will be found in the opinion of the court.

S. S. GILBERT, for appellant.

J. M. PALMER, for appellee.

CATON, J. In the contract entered into between Edwards and the county court, the following stipulation is expressed: " The said Edwards shall well and truly receive every pauper sent to him upon the order of any one member of the county court, and shall properly feed and clothe every pauper so sent to him, and humanely treat the same," &c., for which he was to receive one dollar and thirty-seven and one half cents per week for each pauper sent by the proper authorities, in addition to the use of the farm, &c.

The agreed state of facts is as follows: " The members of the county court sent to the poor-house, Whitfield, Sprowell,

and Camp, three insane persons, who were kept by plaintiff under their order. It was agreed that said persons were more troublesome than persons of sound mind, and that it was worth more to keep them; and the plaintiff insists that, for keeping said persons, he is entitled to such sum as it was reasonably worth, without regard to the terms of said bond. The defendants insist that these persons are embraced in the terms of said contract. Upon these facts the court found for the plaintiff, deciding that such insane persons were not within the terms of said contract, and rendered judgment for the plaintiff for the sum of two hundred and seventeen dollars and fifty cents, which it is admitted it was reasonably worth, if not embraced in said written contract."

The first section of the eightieth chapter R. S. defines a pauper to be, " Every person who shall be unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy, or other unavoidable cause." By the subsequent provision of the same section, these persons are required to be supported by certain specified relations, if they have them, in any county in the State, of sufficient ability to do so. If not, then the third section provides that " The said pauper shall receive such relief as his or her case may require out of the county treasury."

The fiftieth chapter of the Revised Statutes, entitled " Idiots and Lunatics," provides that whenever any idiot, lunatic, or distracted person has any estate, the judge of the circuit court may summon a jury to inquire whether such person " be lunatic, insane, or distracted," and if the jury find him so to be, the judge is required to appoint a conservator, who shall give bond, and take charge of and manage his estate; and the fourth section provides that, " It shall be the duty of such conservator to apply the annual income, and the profits thereof, to the support of such idiot, lunatic, or distracted person, his or her family." Then the sixth section provides as follows : " The overseers of the poor in every county shall take charge of the body of any person so insane, lunatic, or distracted, and shall have power to confine him or her, and shall comfortably support such person, and make out an account thereof, and return the same to the county commissioners' court, whose duty it shall be to make an order requiring the treasurer of said county to pay the same out of any money in the treasury of said county, not otherwise appropriated."

There is no provision in this chapter, which in terms gives to the conservator the control of the person of the lunatic, but it is insisted that the sixth section does give the control of all

The County of Macoupin *v.* Edwards.

lunatics, whether they have conservators or not, or whether they are paupers or not, to the overseers of the poor. Without determining that question now, but assuming it to be true, we do not think it justifies the decision of the court in this case. It is certain, that the contract in this case covers all paupers sent by the proper authorities to Edwards to be kept, whether they become paupers from insanity or other cause, or whether they be insane or not, and we think the presumption is, from the agreed state of facts, that these persons were sent to Edwards as paupers. The terms of the contract are explicit that he shall take and support all paupers sent him, at the stipulated price, and that must necessarily have reference to paupers as defined by the statute, which in express terms includes lunatics who are unable to support themselves. This, it must be presumed, the plaintiff knew at the time he entered into the contract, and he must have contracted in view of it. It is no doubt true, that insane paupers are liable to be more troublesome than those of sound mind, but not necessarily so. It constitutes no legal reason why he should charge more than the stipulated price, because it was worth more to keep them than ordinary paupers. With the same propriety might he charge more for a pauper who was afflicted with a loathsome disease; or in any other case, where extra trouble was incurred. He was not bound to take any but paupers, and if the county authorities had assumed to take charge of these persons, and they had sufficient estate to support them, but were sent there merely for safe-keeping, we should be inclined to hold that the plaintiff might show that, by proof, and if shown, he might recover upon the *quantum meruit*, because they would not be embraced within the contract. But we think, very clearly, the presumption is, from the agreed statement, that these persons were sent to the plaintiff as paupers, and if he had refused to take them upon this evidence, he would have been liable on his bond for such refusal. But having taken them, he is only entitled to the price agreed upon, irrespective of the question, whether it was worth more or less. The contract was one which the county court had a right to make, and they have the right to insist upon its term.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*